1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LANA K. WILLIAMS, | ) | 1:12-cv-1888 AWI GSA |
| | ) | |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| Plaintiff, | ) | RECOMMENDING DISMISSAL WITHOUT |
| | ) | LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| REX LEE HUHA; OLD REPUBLIC | ) | (Doc. 2) |
| INSURANCE CO.; USF REDDAWAY | ) | |
| INC; YRC WORLDWIDE INC.; ROBERT | ) | |
| KOENIG; FIRST TRANSIT GALLAGHER | ) | |
| BASSETT; THE ACCIDENT | ) | |
| ATTORNEY'S GROUP INC.; AND THE | ) | |
| CITY OF MADERA, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff, Lana K. Williams, ("Plaintiff"), appearing pro se and in forma pauperis, filed the instant civil complaint on November 16, 2012. Plaintiff has named Rex Lee Huha, Old Republic Insurance, YRC Worldwide Inc., Robert Koenig, First Transit Ghallegher Bassett, The Accident Attorney's Group Inc., and the City of Madera as Defendants. (collectively, "Defendants"). The Court has screened the complaint and recommends that the complaint be dismissed without leave to amend.

///

1

1

**DISCUSSION**

2

A.    Screening Standard

3

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

4

complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof

5

if the court determines that the action is legally "frivolous or malicious," fails to state a claim

6

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

7

from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

8

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

9

cured by amendment.

10

A complaint must contain "a short and plain statement of the claim showing that the

11

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

12

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

13

conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing

14

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff

15

must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

16

face.'"  Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual

17

allegations are accepted as true, legal conclusion are not.  Id. at 1949.

18

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

19

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

20

support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

21

467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

22

Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23

complaint under this standard, the Court must accept as true the allegations of the complaint in

24

question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the

25

pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d

26

443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen,

27

395 U.S. 411, 421 (1969).

28

///

B.   Plaintiff's Allegations

Plaintiff alleges that she was injured in an accident that occurred on November 16, 2009, while riding the transportation system in the City of Madera.[1]  Although it is unclear from the complaint, she alleges that her attorney, Robert Koenig from the Accident Attorney's Group mishandled her case including failing to file her case in court as agreed upon.  It also appears that Plaintiff is bringing claims for personal injuries against the City of Madera based on its relationship with the Transit System.  Plaintiff alleges "insurance bad faith," "personal injury" and "legal malpractice" as causes of action.  She seeks ten million dollars in damages and costs.

C.   Analysis

Based on the above facts, Plaintiff cannot establish that federal jurisdiction is proper. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate which are essentially those cases involving diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states), or a federal question, or to which the United States is a party.  28 U.S.C. §§ 1331 and 1332; See also, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  As discussed below, Plaintiff has failed to establish that federal jurisdiction exists.  The United States is not a party in this action and no federal question is presented.  Similarly, several of the Defendants are citizens of California so complete diversity of jurisdiction cannot be established.

   1.   Federal Question

Plaintiff's complaint alleges personal injury, insurance bad faith, and legal malpractice as causes of action.  Although these causes of action are not properly pled, they all appear to be state law claims.  Thus, no federal questions are presented.

   2.   Diversity Jurisdiction

Similarly, Plaintiff is unable to establish diversity jurisdiction.  "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.  at 377.  "They

---

[1] Plaintiff is advised that her claims may be barred by the statute of limitations given that this incident occurred several years ago.

possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." Id. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted); see also Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir.2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), *abrogated on other grounds* by Hertz Corp. v. Friend, ⸺ U.S. ⸺, 130 S.Ct. 1181 (2010). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ... on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." Id. (quoting Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682 (1926)).

Here, Plaintiff is a citizen of California.  It is clear from the pleadings that Defendants City of Madera, Robert Koenig, and the Accident Attorney's Group are all citizens of California. These defendants are necessary parties given Plaintiff's claims.  Therefore, there is no complete diversity between the parties and diversity jurisdiction does not exist.

///

///

///

///

///

///

///

///

///

///

///

4

**<u>RECOMMENDATIONS</u>**

For the reasons set forth above, the Court finds that Plaintiff would be unable to state a cognizable claim even if leave to amend were given.  Accordingly, it is recommended that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND for lack of federal jurisdiction.  This dismissal shall be without prejudice.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

<u>IT IS SO ORDERED.</u>

<u>**Dated:**</u>   **December 5, 2012**          <u>**/s/ Gary S. Austin**</u>
                                   UNITED STATES MAGISTRATE JUDGE